**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Lee Anthony Corley, Appellant.

Appellate Case No. 2020-000214

———

Appeal From Lexington County
Steven H. John, Circuit Court Judge

———

Unpublished Opinion No. 2023-UP-191
Submitted March 1, 2023 – Filed May 24, 2023

———

**AFFIRMED**

———

Chief Appellate Defender Robert Michael Dudek, of Columbia, and Appellate Defender Adam Sinclair Ruffin, of North Charleston, both for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General William M. Blitch, Jr., and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia, for Respondent.

———

**PER CURIAM:**  Lee Anthony Corley appeals his convictions and sentences of life imprisonment for murder, ten years' imprisonment for desecration of human remains, and five years' imprisonment for criminal conspiracy.  On appeal, Corley argues the trial court erred in admitting evidence that he and others frequently used methamphetamine.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err by admitting evidence of Corley and his associates' methamphetamine use.  *See State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support.").  We hold the evidence was admissible as part of the res gestae because it was integral to the crime and an understanding of the context in which the crime occurred.  *See State v. King*, 334 S.C. 504, 512, 514 S.E.2d 578, 582 (1999) ("The res gestae theory recognizes evidence of other bad acts may be an integral part of the crime with which the defendant is charged, or may be needed to aid the fact finder in understanding the context in which the crime occurred."); *State v. McGee*, 408 S.C. 278, 289, 758 S.E.2d 730, 736 (Ct. App. 2014) (holding evidence that was admissible under res gestae was "circumstantially [and] intimately connected with and explanatory of the crime").  Additionally, we hold the evidence was admissible under Rule 404(b), SCRE, to show Corley's motive and intent for the murder.  *See* Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); *id.* ("It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent.").  Finally, we hold the danger of unfair prejudice did not substantially outweigh the evidences' probative value.  *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Gilchrist*, 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998) ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993))); *id.* ("[A]ll evidence is meant to be prejudicial; it is only *unfair* prejudice which must be [scrutinized under Rule 403].") (first alteration in original) (quoting *United States v. Rodriguez-Estrada*, 877 F.2d 153, 156 (1st Cir. 1989))).

**AFFIRMED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.